Krista S. Robinson, SBA No. 030868
Meghan M. Conlin, SBA No. 038541
ROBINSON LAW OFFICES
202 E. Earll Dr., Suite 490
Phoenix, Arizona 85012-2698
Telephone: (602) 885-2627
Fax: (602) 888-8531
E-mail: krista@robinsonlawoffices.com
meghan@robinsonlawoffices.com
   *Attorney for Plaintiff Megan Aune*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Megan Aune**, <br><br> Plaintiff, <br><br> vs. <br><br> **Steward Health Care System, LLC**, a Delaware Limited Liability Company, **OnSite Care, Inc.**, a Delaware Corporation, **Thomas Thoits**, and **Darce Latsis**. <br><br> Defendants. | Case No. 2:24 CV <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Megan Aune ("Plaintiff" and/or "Aune"), by and through her undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants Steward Health Care System, LLC ("Steward"), OnSite Care, Inc. ("OSC"), Thomas Thoits ("Thoits"), and Darce Latsis ("Latsis") pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 3, 7(a)1, 8(a), and 38(a & b):

## 1. Parties, Jurisdiction, and Venue

1. Plaintiff Megan Aune is, and has been at all times material to this Complaint:

(A) An adult resident of Maricopa County, Arizona;

(B) An eligible "employee" of Defendant Steward and OSC as that term is defined and used in 42 U.S.C. 12111(4) and A.R.S. 23-371(F);

(C) A "qualified person with a disability" in relation to her employment by Defendants Steward and OSC, as that term is used and defined in 42 U.S.C. 12101, 42 U.S.C. 12111(8), and 42 U.S.C. 12102 after being formally diagnosed with seizures, which impairs or limits her major life activities of, inter alia, performing manual tasks, walking, standing, concentrating, thinking and working; and

2. Defendant Steward, a Delaware limited liability company, is, and has been at all times material to this Complaint:

(A) Qualified to engaged in business in the State of Arizona, including Maricopa County, registered as Arizona Corporate Commission entity #R22175405;

(B) A private for-profit health system with hospitals and primary care locations located nationwide, including the City of Mesa Health & Wellness Center located at 1121 S. Gilbert Road, #101, Mesa, AZ 85204;

(C) The "employer" of Plaintiff as that term is used and defined in 42 U.S.C. 12111(5) and A.R.S. 23-371(G);

(D) An employer with over 500 employees.

3. Defendant OSC, a Delaware corporation, is, and has been at all times material to this Complaint:

(A) Qualified to engaged in business in the State of Arizona, including Maricopa County, registered as Arizona Corporate Commission entity #F18559710;

(B) The subsidiary of Defendant Steward, responsible for staffing the City of Mesa Health & Wellness Center;

(C) The "employer" of Plaintiff as that term is used and defined in 42 U.S.C. 12111(5) and A.R.S. 23-371(G);

4. Defendant Thomas Thoits, an individual, is, and has been at all times material to this Complaint:

(A) An adult resident of Arizona,

(B) The Executive Director and agent for Defendant OSC who was a supervisor with day-to-day control over OSC, including the right to fire an employee, who had in-fact exercised such right to fire or participate in Aune's firing after she reported her disability and used sick time leave to manage her disability symptoms, or aided and abetted such firing, or acted as a joint tortfeasor with OSC in firing Aune.

(C) The "employer" of Plaintiff as that term is used and defined in A.R.S. 23-371(G).

5. Defendant Darce Latsis, an individual, is, and has been at all times material to this Complaint:

(A) An adult resident of Arizona,

(B) The Operations Manager and agent for Defendant OSC who was a supervisor with day-to-day control over OSC, including the right to fire an employee, who had in-fact exercised such right to fire or participate in Aune's firing after she reported her disability and used sick time leave to manage her disability symptoms, or aided and abetted such firing, or acted as a joint tortfeasor with OSC in firing Aune.

(C) The "employer" of Plaintiff as that term is used and defined in A.R.S. 23-371(G).

6. Plaintiff presents three claims for relief herein:

 a. Disability Discrimination in employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12112 – termination of employment,

      b. Retaliation for Assertion of Rights under the ADA, 42 U.S.C. 12203(a) – termination of employment.

      c. Retaliation for Assertion of Rights under The Fair Wages and Healthy Families Act, A.R.S. 23-374.

7. This Court has subject matter jurisdiction for claims 6(a) and 6(b), because they arise under federal statutes, 42 U.S.C. 12117(a) for the ADA claims.

8. This Court has supplemental jurisdiction for claim 6(c) supra, a state law claim, which is so related to claims 6(a) and 6(b), in that it forms part of the same case or controversy, as provided by 28 U.S.C. 1367(A).

9. Based upon the foregoing facts, this Court is the correct venue for this action under 28 U.S.C. 1391(b).

### Fact Allegations Supporting Claims

10. On August 9, 2021, Plaintiff was hired by Defendant Steward as a Practice Manager at the City of Mesa Health and Wellness Center ("Wellness Center"), in Mesa, Arizona, located at 1121 S. Gilbert Road, Suite 101, Mesa AZ 85204.

11. The Wellness Center is staffed by Defendant OnSite Care, Inc., which is a subsidiary of Defendant Steward.

12. At all times material to this complaint, Defendants Steward and OSC have been an "affiliated" or "integrated" enterprise sharing common ownership, management, financial control and operations, such as office space and payroll.

13. In January 2023, Plaintiff was promoted to Clinical Director, where she successfully served up through her termination.

14. Plaintiff reported directly to Defendant Thoits and Defendant Latsis.

15. In her role, Plaintiff was responsible for overseeing the clinic, managing support staff, payroll, resolving patient complaints, maintaining office reports, and

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

1  working with third party vendors, including the Wellness Center's largest client, the
2  City of Mesa.

3      16.    Plaintiff never received a disciplinary action throughout her tenure and
4  met and exceed expectations in her performance reviews.

5      17.    On July 23, 2023, Plaintiff experienced her first seizure while she was at
6  home caring for her four-year old son.

7      18.    On July 24, 2023, Plaintiff was evaluated by a physician and prescribed
8  medication to manage any sudden seizure episodes.

9      19.    On July 24, 2023, Plaintiff was formally diagnosed with seizures.

10    20.    That same day, Plaintiff promptly informed both Defendant Thoits and
11  Darce Latsis of her seizure diagnosis.

12    21.    Plaintiff returned to work approximately a week later, where she
13  disclosed her seizure diagnosis to Dr. Adrian Pinzon, Onsite's Medical Provider, and
14  the Wellness Center's medical assistants and office staff.

15    22.    On August 14, 2023, Plaintiff suffered a seizure at work.

16    23.    Dr. Pinzon, Veronica Clayton (medical assistant), and Yolanda
17  Fernandez (medical assistant) witnessed Plaintiff's seizure and rushed to her side after
18  she fell to the ground. This same day, Dr. Pinzon submitted an incident report to
19  Alexis Anderton, Recruiter and HR Coordinator, and Dr. Musci, Chief Medical
20  Officer. In his report, Dr. Pinzon succinctly described Plaintiff's sudden fall at work.

21    24.    On August 21st, August 22nd, August 24th, and August 25th, Plaintiff used
22  PTO and accrued sick time to manage her disability.

23    25.    On August 28, 2023, Plaintiff returned to work, where she was
24  terminated by Defendant Thoits and Defendant Latsis.

25    26.    Defendant Thoits stated that the termination ensued at the request of
26  Defendants' most prominent client, the City of Mesa, and its decision to "go in a
27  different direction with management."

28

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

27. Notably, Defendants employed another non-disabled employee, Krysten Harris, who was also told a large client wanted to go a different direction with management. Ms. Harris was allowed to keep her employment and has since been promoted to a Project Manager position.

28. Plaintiff's termination occurred approximately 35 days after she reported her seizure to Defendant Thoits and Defendant Latsis, 35 days after she was formally diagnosed with seizures, and 14 days after she suffered a seizure at work.

29. Defendants terminated Plaintiff's employment within one week after Plaintiff used paid time off and sick leave to manage her disability.

30. As the direct and proximate result of the conduct of the Defendants in terminating Plaintiff, she has suffered damages including, inter alia, lost wages from the loss of her job, a loss of employee benefits halting her ability to seek treatment for her seizures, worry about how she would support herself and her son as a single mother while unemployed, sadness from the loss of her relationship with coworkers, and embarrassment, humiliation and emotional distress from the sudden and unexpected loss of her job which she enjoyed and performed well.

31. Plaintiff is entitled to punitive damages from the Defendants because its conduct described herein was unlawful and intentional, in violation of her rights under the ADA, 42 U.S.C. 12112, and done with deliberate intent to harm Plaintiff, a disabled person.

**Exhaustion of Administrative Remedies through the EEOC**

32. Based upon the foregoing, the Plaintiff filed the following charge of employment discrimination based upon disability with the United States Equal Employment Opportunity Commission ("EEOC") on October 23, 2023: Charge #

540-2023-06042 against Steward Health Care System, LLC.  A true copy is attached as **Exhibit 1** and incorporated herein by reference pursuant to FRCP Rule 10(c).

33. On May 7, 2024, the EEOC issued its notice of right to sue for EEOC Charge No. 540-22023-06042 and mailed the notice to the Plaintiff.  This Complaint is filed within ninety days of her receipt of the notice in the mail.  A true copy of the notice is attached as **Exhibit 2** and incorporated herein by reference pursuant to FRCP Rule 10(c).

## Demand for Trial by Jury

Plaintiff Aune requests a trial by jury on all claims pursuant to the U.S. Constitution Seventh Amendment, 42 U.S.C. 1981a(c)(1), and FRCP Rule 38.

## Relief Requested

Based upon the foregoing, Plaintiff Aune requests judgment and orders granting her the following relief against the Defendants.

### COUNT ONE: Disability Discrimination in employment in violation of the Americans with Disabilities Act, 42 U.S.C. 12112 – termination of employment (against both Defendants Steward and OSC, jointly and severally)

1. Compensatory damages
2. Punitive damages
3. Injunctive relief
4. Reasonable attorney's fees, including litigation expenses, and costs pursuant to 42 U.S.C. 12205, and Federal Rules of Civil Procedure Rule 54(d).

### COUNT TWO: Retaliation for Assertion of Rights under the ADA, 42 U.S.C. 12203(a) - termination of employment (against both Defendants Steward and OSC, jointly and severally)

ROBINSON LAW OFFICES
202 E. Earll Drive., Suite 490
Phoenix, Arizona 85012
(602) 885-2627

1. Compensatory damages

2. Injunctive relief, as provided for by 42 U.S.C. 12117(a) and 42 U.S.C. 2000e-5(g)1.

3. Reasonable attorney's fee, including litigation expenses, and costs pursuant to 42 U.S.C. 12205, and Federal Rules of Civil Procedure Rule 54(d).

### COUNT THREE: Retaliation for Assertion of Rights under The Fair Wages and Healthy Families Act, A.R.S. 23-374 – termination of employment (against all Defendants, jointly and severally)

1. Compensatory damages, not less than one hundred fifty dollars for each day from August 28, 2023, until judgment is final pursuant to A.R.S. 23-364(G).

2. Reasonable attorney's fees, costs, and other expenses, pursuant to A.R.S. 23-364(G)

3. Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C 1920.

Respectfully submitted this 20th day of June, 2023.

ROBINSON LAW OFFICES

By:   */s/ Krista S. Robinson*

Krista S. Robinson, Esq.,
Meghan M. Conlin, Esq.,
202 E. Earll Drive, Suite 490
Phoenix, Arizona 85012-2627
*Attorneys for Plaintiff*

## **Two Attached Exhibits**

1. EEOC Charge # 540-2023-06042 (October 23, 2023)
2. Notice of right-to-sue for EEOC charge # 540-2023-06042 (May 7, 2024)